J. Scott Tiedemann, Bar No. 180456
stiedemann@lcwlegal.com
Judith Islas, Bar No. 117076
jislas@lcwlegal.com
Jesse Maddox, Bar No. 219091
jmaddox@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045
Telephone:   (310) 981-2000
Facsimile:   (310) 337-0837

Attorneys for Defendants
COUNTY OF IMPERIAL and HAROLD CARTER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA FLORES-NUNEZ,<br><br>Plaintiff,<br><br>v.<br><br>CORBIN DILLON, HAROLD CARTER, RAYMOND LOERA, COUNTY OF IMPERIAL, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 08-CV-1881-W (CAB)<br><br>**RULE 26(f) REPORT OF DEFENDANTS COUNTY OF IMPERIALAND HAROLD CARTER** |

Defendants County of Imperial ("County") and Harold Carter (collectively "County Defendants"), submit their separate Rule 26(f) Report.[1] This Rule 26 (f) report follows the Parties' conference of counsel, pursuant to Federal Rule of Civil Procedure 16 and 26 (f).

## I. Short Factual Summary of the Case

The sole claim alleged in this lawsuit is brought under 42 U.S.C. § 1983. Plaintiff, Brenda Flores-Nunez ("Plaintiff") alleges that Defendant, Corban Dillon ("Dillon") extorted sexual conduct from Plaintiff while she was incarcerated at the Imperial County Jail ("ICJ"). Specifically, Plaintiff claims that while she was in protective custody due to attempting to harm herself just hours earlier (after she was arrested for shoplifting but before she was booked into the ICJ) Dillon promised that if Plaintiff provided sexual favors to him, he would help her secure her release from custody on bond. (Complaint ¶1). While Plaintiff's complaint fails to mention this, at the time she was arrested and in protective custody, Plaintiff was under the influence of illegal drugs, which clearly alters her ability to perceive or recall events. Plaintiff's complaint alleges that the County of Imperial ("County") is liable for this alleged conduct claiming it allowed this "predatory behavior" to occur and it was caused by a policy or custom that caused Plaintiff's injuries.

Upon being advised of the allegations (which was long after the incident allegedly occurred) the County initiated an investigation. Defendant Dillon has denied that the alleged sexual contact occurred. The County and former County Sheriff, Harold Carter, deny the allegations in the complaint, and deny any liability towards Plaintiff whatsoever.

## II. Short Synopsis of Defenses

The County Defendants have asserted numerous affirmative defenses to the claims in this lawsuit, including the defense under the Prisoner Litigation Reform Act ("PLRA"), which requires a "prisoner" to exhaust administrative remedies prior to filing suit, Plaintiff's failure to state a claim upon which relief can be granted and qualified immunity

---

[1] Sheriff Raymond Loera has been dismissed as a defendant.

309408.2 IM040-036      - 2 -      RULE 26(F) REPORT OF DEFTS HAROLD CARTER AND COUNTY OF IMPERIAL
CASE NO.: 08-CV-1881-W (CAB)

for Sheriff Carter. The County Defendants have set forth a total of nineteen affirmative defenses.

### III. Issues Appropriate For Resolution by Motion

1. Whether Plaintiff's 42 U.S.C. § 1983 claim fails as a matter of law because Plaintiff failed to exhaust administrative remedies under the PLRA?

2. Whether Plaintiff's 42 U.S.C. § 1983 claim fails as a matter of law, including because there is no County policy, custom or practice that allows sexual relationships between inmates and correctional officers?

3. Whether Plaintiff's 42 U.S.C. § 1983 claim fails as a matter of law, including because the alleged failure to train and supervise were not the "moving force" behind the alleged sexual relationship between Plaintiff and the correctional officer?

4. Whether Plaintiff's 42 U.S.C. § 1983 claim fails as a matter of law, against Sheriff Carter because he is entitled to qualified immunity?

### IV. Settlement Discussions

An Early Neutral Evaluation Conference ("ENE") was held at which settlement was discussed. The case has not been resolved.

### V. Discovery Plan

| Event | Proposed Date |
| --- | --- |
| Initial Disclosures | March 30, 2009 (date is set) |
| Written Discovery | Served on May 15, 2009. |
| Depositions | Commence on July 15, 2009 |

Dated: March 30, 2009

LIEBERT CASSIDY WHITMORE

By: /s/ Judith Islas
J. Scott Tiedemann
Judith Islas
Jesse Maddox
Attorneys for Defendants
County of Imperial and Harold Carter

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 6033 W. Century Boulevard, Suite 500, Los Angeles, California 90045.

On March 30, 2009 I served the foregoing document described as **RULE26(f) REPORT OF DEFENDANTS COUNTY OF IMPERIAL AND HAROLD CARTER** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

David J. Zugman
Burcham & Zugman, APC
964 Fifth Avenue, Suite 300
San Diego, California 92101
Telephone: 619/699-5931
**Attorneys for Plaintiff**

Terry Singleton
Gerald Singleton
Singleton & Associates
1950 Fifth Avenue, #200
San Diego, California 92101
Telephone: 619/239-2196
Facsimile: 619/702-5592
**Attorneys for Plaintiff**

Ryan D. Childers
1450 South Broadway, Suite 4
El Centro, California 92243
Telephone: (760) 353-3484
Facsimile: (760) 370-0113

*All counsel was also served electronically by the Court's CM/ECF System.*

☒ **BY MAIL**    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 30, 2009, at Los Angeles, California.

_____June Steer_____    _____/s/ signature_____
Type or Print Name                Signature

312232.1 IM040-036

PROOF OF SERVICE